## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**L.B.,**
**Respondent Below, Petitioner**

**vs)   No. 12-1035** (Greenbrier County 11-D-301)

**K.B.,**
**Petitioner Below, Respondent**

**FILED**

November 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner L.B.,[1] appearing *pro se*, appeals the order of the Circuit Court of Greenbrier County, entered August 8, 2012, that refused her appeal of a divorce order, entered June 19, 2012, by the Family Court of Greenbrier County. The family court, *inter alia*, granted the parties a divorce and awarded respondent sole parental responsibility for the minor children. Respondent K.B., L.B's former husband, by counsel Jeffrey S. Rodgers, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs[2] and the record on appeal.[3] The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided

---

[1] Because this is a domestic relations case, we protect the identities of those involved. *See State ex rel. West Virginia Dept. of Human Services v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

[2] On May 20, 2013, petitioner moved this Court for permission to amend her brief to correct certain formatting errors and to add substantive arguments. The Court finds that because petitioner is proceeding *pro se*, it will not require strict compliance with formatting requirements. The Court grants in part and denies in part petitioner's motion to add to her substantive arguments. On February 27, 2013, the Court directed petitioner to re-file her brief with appropriate citations to the record. Petitioner now indicates that when she re-filed her brief, she inadvertently omitted her argument that she should be awarded both Labrador Retrievers. However, the Court finds that the argument is frivolous given that petitioner testified at the June 18, 2012 final hearing that she could not even take possession of the male dog because she did not have a permanent residence.

[3] On January 29, 2013, petitioner moved to supplement the designated record. While this Court took judicial notice of the orders entered in proceedings under Nos. 11-DV-218, 11-M-32, 11-M8-60, and 11-M8-71, the Court denied petitioner's motion to supplement. Subsequent to the Court's February 27, 2013 order that denied her motion, petitioner filed numerous other motions to supplement. After review of those motions, the Court declines to depart from its former decision to deny petitioner permission to supplement the designated record. Therefore, the motions are denied.

-1-

by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and respondent were married on or about October 8, 2000, in Stafford, Virginia. The parties last cohabitated together as husband and wife in Greenbrier County, West Virginia, in November of 2009, after which they separated. The marriage produced two children.

For the children's protection, on September 8, 2011, the family court granted respondent a domestic violence protective order ("DVPO") against petitioner until further order of the court. The family court awarded respondent temporary custody and temporary possession of the marital residence,[4] and permitted petitioner to have supervised visitation with the children at the Family Visitation Center in Lewisburg, West Virginia. Subsequently, petitioner violated the DVPO and, as a result, was incarcerated. Consequently, the family court appointed petitioner a guardian ad litem who represented her throughout the proceedings before the family court.[5]

On September 16, 2011, respondent filed for divorce and requested he be awarded sole parental responsibility for the children because of petitioner's mental illness. Petitioner filed an answer to the divorce petition on December 15, 2011. The matter subsequently came on for a final hearing on June 18, 2012, at which the parties testified.[6]

By order entered June 19, 2012, the family court granted the parties a divorce based on irreconcilable differences. The family court noted that petitioner sought spousal support from respondent because petitioner's unemployment benefits were about to be reduced. The family court found that respondent's gross monthly income is $1,900 and that he was providing all the support for the parties' two children. The family court determined that respondent could not afford to pay spousal support, especially in the light of the fact that respondent was unlikely to receive child support from petitioner. The family court set petitioner's monthly child support obligation at $0 and petitioner's contribution to the children's uncovered medical bills also at $0.

The family court noted that petitioner sought custody of the children, but that she had no place to live at the time of the June 18, 2012, hearing. The family court also observed that while there was no testimony at the hearing concerning petitioner's mental health, the state of petitioner's mental health had been a concern given her conduct at an earlier hearing as well as her behavior that led to her arrest and incarceration. The family court allocated all parental responsibility and decision-making authority over the parties' children to respondent. The family court continued petitioner's visitation with the children at the Family Visitation Center.

---

[4] Respondent had been living in a guest house on the parties' property.

[5] Petitioner indicates that she was released from incarceration after fifty-four days.

[6] This Court has reviewed the video recording of the June 18, 2012 final hearing.

The family court provided petitioner with a means to retrieve certain items of personal property from the marital residence, but noted petitioner's testimony that she had no place at the time to take the property. The family court found that petitioner had the same difficulty when it came to her desire to have the dog Grizzly: petitioner had no place to take the pet. The family court noted that respondent was willing to sell the marital residence and divide the equity with petitioner. The family court ordered the marital residence listed for sale for six months and that if the marital residence did not sell, it would be sold at auction.[7]

Petitioner appealed *pro se* the family court's divorce order. In an order entered on August 8, 2012, the circuit court identified seven assignments of error: (1) the family court inappropriately linked the divorce with respondent's earlier filing of a mental hygiene petition against petitioner; (2) the family court erred in awarding sole parental responsibility to respondent based on the earlier mental hygiene proceeding; (3) the divorce proceeding was tainted by the mental hygiene proceeding; (4) the guardian ad litem did not provide petitioner with effective assistance; (5) the family court erred in awarding sole parental responsibility to respondent because he was a violent person; (6) the Family Visitation Center did not work with petitioner in arranging visitation between petitioner and the parties' children; and (7) petitioner's homelessness should not have been held against her.

The circuit court first determined that while the family court noted the concerns for petitioner's mental health, the family court did not base its findings on the mental hygiene proceeding. The circuit court further noted that neither party presented evidence of petitioner's mental health at the June 18, 2012 hearing. Therefore, the circuit court rejected petitioner's first and third assignments of error.

The circuit court found that while petitioner desired to have custody of the parties' children, petitioner's testimony reflected that she was homeless, did not have a permanent residence, and did not own a vehicle. The circuit court also noted that a DVPO was in place against petitioner for the children's protection.[8] Therefore, the circuit court rejected petitioner's second and fifth assignments of error. The circuit court also rejected petitioner's seventh assignment of error because the court found petitioner was denied custody because she had no place to take the children, and not because she was homeless.

The circuit court next found that the record reflected that the guardian ad litem adequately represented petitioner at the June 18, 21012 hearing. Therefore, the circuit court rejected petitioner's fourth assignment of error.

The circuit court found that petitioner presented no evidence that the Family Visitation Center did not work with her in arranging visitation between petitioner and the parties' children. The circuit court noted that the record contained a March 19, 2012 letter from the center to the

---

[7] Respondent's obligation to sell the marital residence is currently stayed.

[8] During the pendency of this appeal, by an order entered July 12, 2013, the family court granted petitioner telephonic visitation with the parties' children. Accordingly, by an order entered July 18, 2013, the family court lifted the DVPO against petitioner.

-3-

family court stating that petitioner repeatedly cancelled visits, called the center to say that she would be over an hour late on more than one occasion, and was belligerent to staff to the point that law enforcement was contacted. Therefore, the circuit court rejected petitioner's sixth assignment of error. Accordingly, the circuit court refused petitioner's appeal of the family court's June 19, 2012 divorce order. Petitioner now appeals the circuit court's August 8, 2012 order.

Petitioner raises numerous assignments of error across a myriad of issues, to which respondent has responded. The family court's rulings, and the factual findings supporting those rulings, are entitled to deference:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo.*

Syllabus, *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). Because the parties testified at the June 18, 2012, hearing, the family court is also entitled to deference to the extent that the family court relied on determinations it made of the parties' credibility. *See State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."). With these standards in mind, and after careful consideration of the parties' arguments and the record, this Court concludes that the circuit court's refusal of petitioner's appeal of the family court's June 19, 2012 divorce order should be affirmed.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II